**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHRISTINA G. PALACIOS,<br>          Appellant, | DOCKET NUMBER<br>NY-315H-19-0067-I-1 |
| v. | |
| SOCIAL SECURITY<br>     ADMINISTRATION,<br>          Agency. | DATE: May 23, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christina G. Palacios</u>, Brooklyn, New York, pro se.

<u>David B. Myers</u>, Baltimore, Maryland, for the agency.

<u>Johanny Santana</u>, New York, New York, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction because she was not an "employee" with appeal rights to the Board. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

Effective September 15, 2014, the agency appointed the appellant, a non-preference eligible, to the position of Legal Administrative Specialist (Benefit Authorizer), pursuant to the Schedule D excepted service appointing authority in 5 C.F.R. § 213.3402(b), the Recent Graduates Program. Initial Appeal File (IAF), Tab 13 at 14-15, 19-23. The appellant's appointment was subject to the completion of a 2-year trial period beginning on September 15, 2014. *Id.* at 14-15, 21, 25; *see* 5 C.F.R. § 362.303(f) (stating that the duration of the Recent Graduates appointment in the excepted service is a trial period). On April 22, 2015, the agency notified the appellant that she was terminated, effective at the close of business that day.[2] IAF, Tab 1 at 74-77. Instead, that same day, the appellant resigned from her position. IAF, Tab 1 at 11, Tab 12 at 29-30, Tab 13 at 16-17.

_____

[2] In its notice of termination, the agency listed two effective dates—April 20, 2015, and April 22, 2015—for the appellant's termination. IAF, Tab 1 at 74. It appears that the date of April 20, 2015, was a typographical error because the record shows, and the appellant does not dispute, that the agency intended her termination to be effective on April 22, 2015. IAF, Tab 14 at 30.

In her Board appeal, the appellant identified the termination during her trial period and her involuntary resignation as the actions that she was appealing. IAF, Tab 1 at 3. She requested a hearing. *Id.* at 2. Based on the information the appellant provided in her initial appeal form, the administrative judge informed the appellant that the Board may lack jurisdiction over her appeal, set forth the jurisdictional standard for a termination from a competitive service position during a probationary or trial period, and ordered the appellant to submit evidence and argument to make a nonfrivolous allegation of Board jurisdiction. IAF, Tab 3. In her response, the appellant asserted, among other things, that the Board has jurisdiction over her probationary termination appeal because she satisfied the criteria set forth in 5 C.F.R. §§ 315.805-.806. IAF, Tab 12 at 7-12. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 13. The administrative judge issued an Order to Show Cause, noting that the agency had supplied evidence that the appellant occupied an excepted service position. IAF, Tab 15 at 1. The administrative judge set forth the standard for the Board's jurisdiction over an appeal from a non-preference eligible excepted service employee under 5 U.S.C. § 7511(a)(1)(C), and she afforded the appellant additional time to submit evidence and argument to make a nonfrivolous allegation of jurisdiction over the appeal. *Id.* at 1-2. The appellant did not respond to the Order to Show Cause.

Without holding a hearing, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction. IAF, Tab 16, Initial Decision (ID) at 1-2, 5. She found that the appellant had not nonfrivolously alleged that she completed 2 years of current, continuous service, as required in 5 U.S.C. § 7511(a)(1)(C); thus, she was not an "employee" with a right to file an appeal with the Board. ID at 3-5.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition, and the appellant has replied. PFR File, Tabs 3-4.

**DISCUSSION OF ARGUMENTS ON REVIEW**

The appellant has not made a nonfrivolous allegation of Board jurisdiction.[3]

The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). A voluntary action, such as a resignation, is generally not appealable to the Board under chapter 75. *Parrott v. Merit Systems Protection Board*, 519 F.3d 1328, 1332 (Fed. Cir. 2008). An involuntary resignation, however, is equivalent to a forced removal within the Board's jurisdiction under chapter 75. *Id.* In an involuntary resignation appeal, an appellant is entitled to a jurisdictional hearing only if she makes a nonfrivolous allegation of Board jurisdiction. *Id.*

The appellant does not challenge on review the agency's evidence, which clearly showed that she was appointed to an excepted service position. As a non-preference eligible individual in the excepted service, the appellant may appeal an adverse action, such as an involuntary resignation, to the Board only if she qualifies as an "employee" under 5 U.S.C. § 7511(a)(1)(C). *Martinez v. Department of Homeland Security*, 118 M.S.P.R. 154, ¶ 5 (2012). An "employee" under 5 U.S.C. § 7511(a)(1)(C)(i)-(ii) is defined as an individual in the excepted service (other than a preference eligible) "who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service" or "who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less." *Id.* The Board has jurisdiction if either section 7511(a)(1)(C)(i) or (ii) is satisfied. *Id.* Based on her submissions below and on review, the appellant has not made a nonfrivolous allegation that she satisfied either criterion. It is undisputed that she was serving a trial period at the

---

[3] Although the administrative judge stated that the appellant failed to "show" that the Board has jurisdiction over the appeal, ID at 3, we assume that this was a typographical error because she properly held elsewhere that the appellant failed to make a nonfrivolous allegation of Board jurisdiction, ID at 3, 5.

time of her resignation. As the administrative judge noted, she has neither alleged that she completed 2 years of current, continuous service in her position, nor identified any prior Federal service that could be tacked on toward the completion of her trial period. ID at 3-4; *see* IAF, Tab 13 at 14-15, 18, 24; *see Martinez*, 118 M.S.P.R. 154, ¶ 6 (explaining that an individual's prior service may be tacked toward the completion of the probationary or trial period in the excepted service when the prior service was performed in the same agency, performed in the same line of work, and completed with no more than one break in service of less than 30 days). Therefore, the administrative judge properly dismissed her appeal for lack of jurisdiction because the appellant has not made a nonfrivolous allegation that she is an "employee" under 5 U.S.C. § 7511(a)(1)(C).[4]

Because of this disposition, we also lack jurisdiction to hear the merits of her claims that the agency improperly terminated her during her trial period, forced her to resign, violated merit system principles, and committed prohibited personnel practices. PFR File, Tab 1 at 4, Tab 4 at 4-11; *see, e.g.*, *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 15 (2007) (stating that the merit system principles do not provide an independent basis for Board jurisdiction); *Pollard v. Office of Personnel Management*, 52 M.S.P.R. 566, 569 (1992) (noting that the legislative history of the merit system principles indicate that they were not intended to be self-executing); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Because the appellant did not make a nonfrivolous allegation of jurisdiction, she was not entitled to a hearing.

_____

[4] In the initial decision, the administrative judge addressed the appellant's claim that she has regulatory appeal rights pursuant to 5 C.F.R. § 315.806. ID at 4-5; IAF, Tab 12 at 10, 12, Tab 14 at 9-10, 20. The Board need not reach the issue of whether the appellant satisfies the conditions of 5 C.F.R. § 315.806 because that regulation applies only to individuals in the competitive service. *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 13 (2009).

Based on our review of the record, the appellant raised an involuntary resignation claim in 2015 before the Equal Employment Opportunity Commission, which found that the agency did not discriminate against her on the basis of national origin, sex, or retaliation for prior equal employment opportunity activity. IAF, Tab 1 at 79-96, 98-101, Tab 12 at 37-39. In the initial decision, the administrative judge stated that she need not address the election of remedies issue raised by the agency in its jurisdictional response. ID at 5 n.2; IAF, Tab 13 at 10-11. Because we agree with the administrative judge that the appellant is not an "employee" with appeal rights to the Board, we need not reach this issue.

We deny the appellant's request to seal or redact the record or, alternatively, to grant her anonymity.

The appellant requests that the Board "seal the record or redact it" because it contains "damaging" information. PFR File, Tab 1 at 4. The Board's consideration of a sealed-record request is circumscribed by the Freedom of Information Act. 5 U.S.C. § 552; *Nefcy v. Environmental Protection Agency*, 94 M.S.P.R. 435, ¶ 5 (2003). Public policy does not favor sealing records, and the burden is on the party making such a request to demonstrate why the record should be sealed. *Nefcy*, 94 M.S.P.R. 435, ¶ 5.

In *Nefcy*, 94 M.S.P.R. 435, ¶¶ 5-7, the Board addressed the appellant's sealed-record request because the record contained information about her medical condition and disability. The Board denied her request because such documents were already protected by the Privacy Act. *Id.*, ¶ 7. By contrast, the appellant admits here that the record contains no medical information. PFR File, Tab 1 at 4. Nor does the initial decision contain any medical or disability-related information. Because the appellant has not advanced a compelling reason that warrants a Board order to seal or redact the record, we deny her request. *Social Security Administration v. Doyle*, 45 M.S.P.R. 258, 262 (1990). Even if the

appellant limits the scope of her request to the initial decision, we are not persuaded that such an action is appropriate.

We have alternatively considered that the appellant may be seeking to proceed anonymously before the Board. The Board has not adopted a rigid, mechanical test for determining whether to grant anonymity but instead applies certain general principles and considers several factors in making such determinations. *Pinegar v. Federal Election Commission*, 105 M.S.P.R. 677, ¶ 10 (2007). Those factors include whether identification creates a risk of retaliatory physical or mental harm, whether anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature, or whether the anonymous party is compelled to admit her intention to engage in illegal acts, thereby risking criminal prosecution. *Id.*

A party seeking anonymity must overcome the presumption that parties' identities are public information. *Id.*, ¶ 11. Anonymity should be granted to litigants before the Board only in unusual circumstances, and the determination whether to grant anonymity must depend on the particular facts of each case. *Id.* A litigant must present evidence establishing that harm is likely, not merely possible, if her name is disclosed. *Id.* Even when some harm is likely, the Board grants anonymity only when the likelihood and extent of harm to the appellant significantly outweighs the public interest in the disclosure of the parties' identities. *Id.*

Here, the appellant has presented nothing more than a bare allegation that the initial decision contains "damaging" information. PFR File, Tab 1 at 4. She opines that the administrative judge's statements could be misinterpreted by individuals who are unfamiliar with the facts of the case. *Id.* The appellant's speculative claim about the harm she may suffer if some unidentified third party misinterprets the administrative judge's statement about the agency's stated reason for her termination is insufficient to justify shielding her identity. *See, e.g., Pinegar*, 105 M.S.P.R. 677, ¶ 19 (noting that the appellant has not explained

why harm is likely and has offered no evidence to support his allegation); *Ortiz v. Department of Justice*, 103 M.S.P.R. 621, ¶ 11 (2006) (rejecting the appellant's claim that his identity should be hidden because the facts concerning his medical condition "might be misinterpreted and/or otherwise used to deny him employment opportunities"). Because she has not shown that harm is likely if her name is disclosed, and she has not rebutted the presumption that her identity is public information in this Board appeal, we conclude that the appellant should not be permitted to proceed anonymously.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.